IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


CHRISTOPHER MICHEAL WEBB                                              PLAINTIFF

          v.                        Civil No.  13-5113


SHERIFF TIM HELDER; MAJOR DENZER;
DR. BEAVER; DR. MULLINS; DR. HOWARD;
NURSE RHONDA BRADLEY; NURSE RHONDA
MESCHEDE; and NURSE PEGGY VICKERY                              DEFENDANTS


## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  The Plaintiff proceeds *in forma pauperis* and *pro se.*

At all times at issue in this case, Plaintiff was incarcerated in the Washington County Detention Center (WCDC) located in Fayetteville, Arkansas.  Plaintiff maintains his constitutional rights were violated in the following ways: he was denied adequate dental care and on one occasion he was not given dinner.

Defendants filed a summary judgment motion (Docs. 31-33).  On March 10, 2014, a hearing was held in order to allow Plaintiff to respond to the summary judgment motion.  Plaintiff and his wife, Kristin Webb, testified.

At the conclusion of the hearing, it was decided that the records from the two dentists Plaintiff was seen by, Dr. Beavers and Dr. Barnes, should be subpoenaed.  Those records have been received and copies provided to the parties.  The dental records are labeled Plaintiff's Exhibit 1 and are attached to this report and recommendation.

-1-

**1.  Background**

Plaintiff was incarcerated in the WCDC from April 3, 2013, until June 7, 2013. *Defendants' Exhibit* 1-D (Doc. 33-5)(hereinafter *Defts' Ex.*).[1]  On April 5th, Plaintiff submitted his first request for dental treatment. *Defts' Ex.* 1-B at pg. 1 (Doc. 33-3).  He indicated he needed his wisdom teeth pulled. *Id.*  He stated they were swollen and causing him a great deal of pain. *Id.*  Plaintiff was seen that day by the jail nurse, Nurse Bradley, and given a prescription for Ibuprofen, three tablets, up to three times daily, for thirty days. *Id.*  Plaintiff testified that he received the Ibuprofen.

On April 9th, Plaintiff was added to the dentist call list. *Defts' Ex.* 1-B at pg. 1.   That same day, Plaintiff was seen by the jail doctor, Dr. Mullins, and prescribed  an antibiotic, Cephalexin 500 mg, one capsule, four times a day for ten days. *Id.*  Aleve was also prescribed twice daily, as needed, for thirty days. *Id.* at pg. 2.  Plaintiff testified that he received the prescribed medication.

On April 17th, Plaintiff was taken to Dr. Beavers. *Defts' Ex.* 1-B at pg. 2.  One tooth, the right upper wisdom tooth, was extracted using forceps. *Plaintiff's Exhibit* 1at pg. 5 (hereinafter *Plff's Ex.*); *Defts' Ex.* 1-B at pg. 2.

Plaintiff testified that he was told he would need to submit another medical request to have the other wisdom teeth removed.  He submitted a request asking for the removal of the other wisdom teeth on April 17th. *Defts' Ex.* 1-B at pg. 2.

On April 23rd, Plaintiff was seen by the jail doctor, Dr. Howard. *Id.*  Plaintiff testified he asked whether he needed to be put on an antibiotic before having his teeth pulled.  Plaintiff

---

[1] All Defendants' Exhibits were submitted with their summary judgment motion. *See* Doc. 33.

testified that he was told he did not need another antibiotic.  Plaintiff was again put on the waiting list to see a dentist.  *Defts' Ex.* 1-B at pg. 2.  Plaintiff also testified that he thought he had an infection because of the constant throbbing and sensitivity.

On May 6, 2013, Plaintiff was seen by Dr. Barnes and had one tooth extracted.  *Defts' Ex.* 1-B at pg. 3;  *Plff's Ex.* 1 at pg. 1.   A note was made that Plaintiff needed his remaining wisdom teeth extracted.  *Id.*  Plaintiff testified that Dr. Barnes did not say anything about infection.  She did not prescribe any medication.

Later that same day, Plaintiff was transported to Dr. Beavers' office and the other two teeth were extracted.  *Defts' Ex.* 1-B at pg. 3.  That evening, Plaintiff submitted a medical request stating that he had one tooth pulled that day and two others surgically extracted.  *Defts' Ex.* 1-B at pg. 3.  He said his gums were still bleeding and he was in a great deal of pain.  *Id.*  He asked for some gauze to stop the bleeding and asked for Aleve or Ibuprofen for the pain.  *Id.*

On May 7th, Plaintiff was seen by Nurse Bradley and prescribed 200 mg of Ibuprofen, four tablets, twice daily, as needed, for pain for seven days.  *Defts' Ex.* 1-B at pg. 4.  Plaintiff testified he told Nurse Bradley that he thought he had an infection.  Nurse Bradley responded that there was no infection.

On May 9th, Plaintiff submitted a medical request noting that his pain had grown worse and the swelling had not gone down.  *Defts' Ex.* 1-B at pg. 4.  He stated that he needed more antibiotics.  *Id.*  He was seen that day by Nurse Peggy Vickery.  *Id.* at pg. 5.  Nurse Vickery noted that Plaintiff's mouth was somewhat swollen but there was no redness or the appearance of an infection.  *Id.*  She advised the Plaintiff to let the nurse know the following day if he did not feel better.  *Id.*

-3-

AO72A
(Rev. 8/82)

Plaintiff testified that approximately an hour and a half after he saw Nurse Vickery he broke a fever, had the shakes, and was vomiting.  This continued throughout the night and Plaintiff indicated he was unable to sleep.  He testified that the guards said he had to wait until the nurse got there in the morning.  According to Plaintiff, his cheek was swollen to three times its normal size.

Plaintiff testified that at 7:30 a.m. the following morning, he was placed in a medical holding cell.  Plaintiff stated that he overheard a guard say they had messed up and it could be bad if he contacted his family.

Plaintiff was seen by Nurse Bradley.  He testified he understood that Dr. Howard was contacted by phone and ordered medication for the Plaintiff.  Dr. Howard prescribed the Plaintiff:  pain medication, APAP/Codeine 300/30 mg., one tablet, four times daily, as needed for pain for five days; clindamycin 150 mg., one capsule, four times a day, for ten days; and an injection of one gram of rocephin given intramuscularly.  *Defts' Ex.* 1-B at pg. 5.  Finally, Plaintiff was prescribed a liquid diet for two days.  *Id.* at pg. 6.  Plaintiff testified that he received the medication and the codeine did the "trick" with respect to his pain.  Plaintiff indicated it took several days for the antibiotics to start working but that the medication took care of the problem.

Plaintiff testified there were times when he was locked out of the kiosk system that was used to submit grievances, medical requests, and commissary orders.  Plaintiff testified that while he was in the holding cell he was unable to contact his wife.

Plaintiff testified that on May 16th, his mouth was still not all the way healed and that he was having difficulties opening his mouth.  Plaintiff was taken to the front and thought he was going to be transported to see Dr. Beavers.  Plaintiff testified that instead a phone call was placed

-4-

to Dr. Beavers' office. Plaintiff testified he spoke with Dr. Beavers' assistant and told her that he was having problems on the lower left, his check was swollen, and he was having difficulty opening his mouth. *See also Plff's Ex.* 1 at pg. 5. Plaintiff indicated the swelling had decreased some but that his cheek was still swollen. The assistant then asked for the guard to be put back on the phone. No additional medication was prescribed.

In total, Plaintiff had his four wisdom teeth, numbers 1, 16, 17, and 32, removed between April 6th and May 6th. *Plff's Ex.* 1. Plaintiff testified that he felt that his needs were put to the side.

Kristen Webb[2] testified that she called the jail on May 11th to inquire why she had not received any phone calls from her husband. The response to her inquiry was that the deputies did not know. She testified that Plaintiff normally called her everyday. The following day Webb again called because she was going to put some money on Plaintiff's account.

Webb testified that the officer she was speaking to thought he had put her on hold but she overheard him asking another deputy whether she should be told that Plaintiff was in medical holding. The deputy being consulted said to just tell her that they did not know why Plaintiff was not calling her.

Webb then asked for the nurse to call her. Webb testified that approximately ten minutes later, the nurse called her and advised her that Plaintiff had an infection and had been running a fever. The nurse told Webb that they were trying to get it under control. Webb received a phone call from her husband about an hour later.

---

[2] Christopher Webb has been referred to as the Plaintiff throughout. Kristin Webb will be referred to as Webb.

With respect to his claim regarding his diet, Plaintiff testified that on May 11th, while he was in medical holding, he did not receive his evening meal. Plaintiff asked a deputy for his meal but the deputy indicated he was doing bookings at the time. Plaintiff did receive breakfast and lunch that day. All other days, Plaintiff received three meals a day.

### 2. Applicable Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." National Bank of Commerce v. Dow Chemical Co., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." National Bank, 165 F.3d at 607 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." Id. (citing, Metge v. Baehler, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3. Discussion

As noted above, Plaintiff asserts two separate claims. I will address each claim separately.

-6-

AO72A
(Rev. 8/82)

### (A).  Denial of Dental Care

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." County of Sacramento v. Lewis, 523 U.S. 833, 851 (1998)(citation omitted). "It is well established that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." Langford v. Norris, 614 F.3d 445, 459 (8th Cir. 2010)(internal quotation marks and citation omitted). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard.  See Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006).

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle  v. Gamble, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)(quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)).

It is undisputed that "obvious and serious dental problems constitute[] a serious medical need." Holden v. Hirner, 663 F.3d 336, 342 (8th Cir. 2011); see also Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004)(plaintiff who had severe pain from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating had alleged an objectively serious medical need); McAlphin v. Toney, 281 F.3d 709, 711 (8th Cir. 2002).

-7-

In this case, prior to his incarceration, Plaintiff had never been seen by a dentist. Two days after he was booked in, April 5th, Plaintiff submitted a medical request stating that he needed his wisdom teeth pulled. Plaintiff was seen by the nurse the same day and prescribed Ibuprofen for pain.

On April 9th, he was added to the list to be seen by a dentist and prescribed an antibiotic. Only twelve days from the date of his incarceration, April 17th, Plaintiff was seen by a dentist for the first time and had one wisdom tooth extracted. Only thirty-one days after his incarceration, Plaintiff had the remaining three wisdom teeth extracted. In the interim, Plaintiff received medication for the pain and antibiotics. When Plaintiff developed an infection following the last extractions, he was given pain medication and antibiotics. Dr. Beavers' office was also consulted.

There is simply no genuine issue of fact as to whether any of the named Defendants exhibited deliberate indifference to Plaintiff's dental needs. His dental needs were being addressed.

### (B). Deprivation of a Meal

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health. See e.g., Keenan v. Hall,

-8-

83 F.3d 1083, 1091 (9th Cir. 1996); Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992)(prisoners have a right to nutritionally adequate food); Campbell v. Cauthron, 623 F.2d 503, 508 (8th Cir. 1980)(prisoners are guaranteed a reasonably adequate diet). To prevail on an Eighth Amendment claim, Plaintiff must show the Defendants were deliberately indifferent to his dietary needs. Wishon, 978 F.2d at 449.

No such showing can be made based on the undisputed facts in this case. "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" Talib v. Gilley, 138 F.3d 211, 214 n. 3 (5th Cir. 1998)(expressing doubt that Talib who missed about fifty meals in five months and lost fifteen pounds met this threshold)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." Green v. Ferrell, 801 F.2d 765, 770 (5th Cir. 1986); see also Simmons v. Cook, 154 F.3d 805, 808 (8th Cir. 1998)(in thirty-two hour confinement inmates missed four consecutive meals because their wheelchairs could not reach the food tray slot). One missed meal did not endanger Plaintiff's health in anyway. See Jaros v. Illinois Dept. of Correction, 684 F.3d 667 (7th Cir. 2012)(Occasional missed meal that did not endanger the inmate did not state a claim); Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999)("That [the inmate] may have missed one meal . . . does not rise to the level of a cognizable constitutional injury").

### 4. Conclusion

For the reasons stated, I recommend that Defendants' motion for summary judgment (Doc. 31) be granted and this case dismissed with prejudice.

AO72A
(Rev. 8/82)

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of May 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-10-

AO72A
(Rev. 8/82)